UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| J.M. PAULINE PAGE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:05-cv-01618 (VLB) |
| J.C. PENNEY CORP., INC., | : | |
|     Defendant. | : | September 17, 2007 |

## MEMORANDUM OF DECISION DENYING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [Doc. #37]

The plaintiff, J.M. Pauline Page, filed this action against the defendant, J.C. Penney Corp., Inc. ("J.C. Penney"), challenging J.C. Penney's termination of her employment. Page claims that her termination violated the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq., the Connecticut Workers' Compensation Act, Conn. Gen. Stat. § 31-275 et seq., and the Connecticut Fair Employment Practices Act (CFEPA), Conn. Gen. Stat. § 46a-51 et seq. J.C. Penney has filed a motion for summary judgment on the ground that there is no genuine issue of material fact as to any of Page's claims. For the reasons given below, J.C. Penney's motion for summary judgment is DENIED.

The following facts are relevant to J.C. Penney's motion for summary judgment. Page was employed by J.C. Penney from 1986 to 2004 at its Logistics Center in Manchester, Connecticut. In 2002, Page was assigned to a job processing returned merchandise. Her wages were based on the number of

items she was expected to process.  Shortly after beginning that assignment, she was injured while working and later filed a worker's compensation claim.  She took several approved leaves of absence in 2002 and 2003 because of her injury and her other illnesses and disabilities, including asthma, osteoarthritis of the hip, and cancer.  Page alleges that her supervisor, Lisa Johnson, disciplined her not only for those absences, but also for using a cane to help her walk and for following her doctor's orders to sit down for five minutes twice each day at work while taking asthma medication.  Page further alleges that Johnson performed special reviews of Page's work for accuracy numerous times, warning Page that excessive errors would result in the termination of Page's employment.  According to Page, Johnson did not review other employees' work in the same manner.

On January 26, 2004, Page was working in an area limited to "W" merchandise, which weighs more than thirteen pounds and can ride on a conveyor belt.  Page realized that some of the merchandise in her area was "A" merchandise, which weighs less than thirteen pounds and takes less time to process than "W" merchandise.  A processor in the "W" area could accordingly inflate her productivity rate by improperly processing "A" merchandise when she was assigned to process "W" merchandise.  Page alleges that she asked a trainer, Theresa Browne, whether she could process the "A" merchandise in the "W" area.  Page alleges that Browne told her to proceed with the "A" merchandise, but Browne denies that allegation.  Shortly after Page processed

the "A" merchandise in the "W" area, she was suspended. The department manager, Mark Pisano, contacted Johnson and investigated the matter. After determining that Page had improperly processed "A" merchandise in the "W" area on several previous occasions, Pisano decided to terminate Page's employment on January 30, 2004. The reason for the termination was that Page had inflated her productivity rate, on which her pay rate was based, by processing "A" merchandise in the "W" area.

Page sought review of her termination with J.C. Penney's Peer Associate Review Team program, in which a panel of employees determines whether a termination was justified. After a hearing, the panel affirmed Page's termination. Page then commenced this action, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331 because of her ADA and FMLA claims. J.C. Penney has filed a motion for summary judgment.

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ." Fed. R. Civ. P. 56(c). The court "construe[s] the evidence in the light most favorable to the non-moving party and . . . draw[s] all reasonable inferences in its favor." Huminski v. Corsones, 396 F.3d 53, 69-70 (2d Cir. 2004). "[I]f there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party, summary judgment must be denied." Am. Home Assurance Co. v. Hapag Lloyd Container Linie,

GmbH, 446 F.3d 313, 315 (2d Cir. 2006).  "The moving party bears the burden of showing that he or she is entitled to summary judgment."  Huminski, 396 F.3d at 69.

J.C. Penney moves for summary judgment on the ground that there is no genuine issue of material fact as to any of Page's claims.  J.C. Penney argues that it had a valid nondiscriminatory reason to terminate Page, that she never complained to the management about Johnson's alleged discrimination, and that the Peer Associate Review Team affirmed Page's termination.  In J.C. Penney's view, all of the evidence indicates that it did not discriminate against Page.  Page argues in opposition that there is sufficient evidence on which a jury could find that J.C. Penney discriminated against her, and that the Peer Associate Review Team's decision does not warrant any deference from this Court.

The applicable law in this case is the burden-shifting framework established by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).  "That framework requires a plaintiff in a disability-discrimination case to establish a prima facie case of discrimination, after which the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action in question.  Once the defendant provides such a reason, the plaintiff shoulders the burden of showing sufficient potential proof for a reasonable jury to find the proffered legitimate reason merely a pretext for discrimination."  Ferraro v. Kellwood Co., 440 F.3d 96, 100 (2d Cir. 2006).  "Resolutions of credibility conflicts

4

and choices between conflicting versions of the facts are matters for the jury, not for the court on summary judgment." McClellan v. Smith, 439 F.3d 137, 148 (2d Cir. 2006) (quoting United States v. Rem, 38 F.3d 634, 644 (2d Cir. 1994)).

The Court agrees with Page that summary judgment is not appropriate in this case because the parties have set forth conflicting versions of the facts. Whether Page was subjected to discrimination depends heavily on her testimony and the testimony of Johnson, Pisano, Browne, and other employees of J.C. Penney. Although J.C. Penney has offered a legitimate nondiscriminatory reason for terminating Page's employment, and the Peer Associate Review Team apparently agreed with that reason, a reasonable jury could disagree. Accordingly, summary judgment is not warranted.

J.C. Penney's motion for summary judgment is DENIED.

IT IS SO ORDERED.

/s/
**Vanessa L. Bryant**
**United States District Judge**

Dated at Hartford, Connecticut: September 17, 2007.